MORELL, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Contract of Sale and Subsequent Mortgage.

No. 363.—Decided March 6. 1919.

RECORD OF TITLE — COMMERCIAL TRANSACTIONS — PURCHASE AND SALE OF REAL PROPERTY.—Under article 2 of the Code of Commerce of 1885, now in force in Porto Rico, the purchase and sale of real property may be deemed a commercial transaction, wherefore a contract of this character entered into by the manager of a mercantile partnership who is authorized to sign the firm name and to execute public instruments, as in the present case, is recordable in the registry of property if it conforms to the formalities prescribed by the Mortgage Law for the recording of contracts.

The facts are stated in the opinion.

*Mr. Gustavo Rodríguez* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

One of the managers of the mercantile copartnership of Cosío & Primo sold a rural property in the name of the firm to Antonio Morell for a money consideration, a part of which was received in cash and the balance being secured by a mortgage created by the purchaser on the same property.

The deed having been presented in the registry of property, the registrar refused to record the sale on the ground that the partner had no authority to sell real property belonging to the firm, and the sale not being recorded, he also refused to record the mortgage because the property was not recorded in the name of debtor Morell.

This administrative appeal was taken by the purchaser and debtor and the registrar states in his brief that the powers of the managers of Cosío & Primo are limited by the articles of partnership to commercial transactions and that as the sale of real property is not a commercial transaction, the managers of the firm must have special power for a transaction of this kind.

While the Code of Commerce of 1829 was in force the purchase and sale of real property was never a commercial transaction, because article 360 of said code expressly so declared and was so construed by the judgment of the Supreme Court of Spain of October 25, 1873; but when the Code of Commerce of 1885 was adopted that article was omitted and its article 2 was so worded as to allow the purchase and sale of real property to be considered a commercial transaction, for it provides that commercial transactions shall be considered those enumerated in the code and any others of a similar character, therefore it cannot now be held that the purchase and sale of real property cannot be deemed a commercial transaction.

The following appears in the preamble to the latter code:

"So that the provision of the code in force which denies to all

sales of real property the character of commercial transactions cannot be accepted absolutely. Its determination will depend upon the facts in each case and will be made by the courts according to the general principles governing the character of commercial transactions. And in order that the provisions of the present code which do not admit of any interpretation may not interfere with the decisions of the courts, the said provision has been omitted in re-enacting the special rules affecting this contract in the new code. Furthermore, the purchase and sale of real property, although it may be termed a commercial transaction, shall be made according to the formalities prescribed in the special laws for acquisition and conveyance of real property.''

Therefore, as the purchase and sale of real property may be a commercial transaction, the question of whether it is or not must be decided by the courts in the proper action; and when the contract is executed by a manager of the firm who has been authorized to sign the firm name and to execute public instruments, as in the present case, the registrar should record the transaction. Decisions of the General Directorate of Registries of Spain of July 18, 1899, and August 11, 1908.

The property being recorded in the name of the debtor, the bar to recording the mortgage will no longer exist.

The sale referred to in this case should be recorded first and then the mortgage should be recorded.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.